**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re TOOL ENGINEERING & MACHINING CO., LLC<br><br>Debtor. | ) Case No. 10-63675-LYN<br>)<br>) Chapter 11<br>)<br>) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of BMG Metals, Inc., ("BMG") to dismiss this Chapter 11 case. Tool Engineering and Machining Co. LLC ("the Debtor") opposes the motion.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On December 29, 2010, the Debtor filed a voluntary Chapter 11 petition. On January 11, 2011, BMG filed a proof of claim asserting an unsecured claim in the amount of $45,818.86. The claim is based on a default judgment obtained by BMG ("the BMG Judgment") against the Debtor in the amount of $26,498.95, plus interest at the rate of 18% from August 1, 2008, on the

1

principal $23,657.63, attorneys' fees of $8,824.15, and costs of $229.00.

On December 13, 2011, BMG filed a motion to dismiss this case. On December 19, 2011, more than 350 days after the date of petition, the Debtor filed a proposed plan and disclosure statement for the first time. On January 6, 2012, the Debtor filed an opposition to the motion to dismiss.

## *Discussion*

A "small business debtor" means a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts in an amount not more than $2,343,300.00 in a case in which a committee of unsecured creditors has not been appointed. 11 U.S.C. § 101(51D).[1] The Debtor scheduled unsecured debt in the amount of $71,447.86. The Debtor scheduled aggregate secured and unsecured debt in the amount of $177,073.19. No unsecured creditors committee has been appointed in this case. The Debtor does not dispute that it is a small business debtor. The Debtor is a small business debtor.

A small business debtor shall file the plan and a disclosure statement not later than 300

---

[1] Section 101(52D) provides that:

The term "small business debtor"--

(A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning or operating real property or activities incidental thereto) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,343,300 (excluding debts owed to 1 or more affiliates or insiders) for a case in which the United States trustee has not appointed under section 1102(a)(1) a committee of unsecured creditors or where the court has determined that the committee of unsecured creditors is not sufficiently active and representative to provide effective oversight of the debtor; and
(B) does not include any member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $2,343,300 (excluding debt owed to 1 or more affiliates or insiders).

days after the date of the order for relief. 11 U.S.C. § 1121(e)(2).[2] The filing of a voluntary petition constitutes an order for relief. 11 U.S.C. § 301(b). A small business debtor shall file the plan and a disclosure statement not later than 300 days after the date of petition.

The time to file a plan and disclosure statement in a small business case may be extended only if the debtor demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time; a new deadline is imposed at the time the extension is granted; and the order extending time is signed before the existing deadline has expired. 11 U.S.C. § 1121(e)(3). The requirements are presented in the conjunctive. The time for filing a plan and disclosure statement cannot be extended if any of the three requirements are not met. The Debtor has never filed a motion to extend the time to file a plan and disclosure statement beyond the 300-day limit. The Debtor is in violation of Section 1121(e)(2).

The court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under chapter 11, whichever is in the best interests of creditors and the estate, for cause

---

[2]    Section 1121(e) provides

(e) In a small business case--
    (1) only the debtor may file a plan until after 180 days after the date of the order for relief, unless that period is--
        (A) extended as provided by this subsection, after notice and a hearing; or
        (B)the court, for cause, orders otherwise;
    (2) the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief; and
    (3) the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e)within which the plan shall be confirmed, may be extended only if–
        (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable period of time;
        (B) a new deadline is imposed at the time the extension is granted; and
        (C) the order extending time is signed before the existing deadline has expired.

unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). For purposes of this section 1112(b), the term 'cause' includes failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by the Bankruptcy Code or by order of the court. 11 U.S.C. § 1112(b)(4)(J). *Also see In re Sanchez*, 429 B.R. 393, 400 (Bankr. D.P.R. 2010) (Failure to file a plan within the statutory deadline imposed by section 1121(e)(2) constitutes "cause" for dismissal under section 1112(b) and (b)(4)(J).).

There are two exceptions to mandatory dismissal or conversion. First, dismissal or conversion is not appropriate if the court determines that a trustee or examiner should be appointed in the case. 11 U.S.C. § 1112(b)(1). Neither party has sought the appointment of trustee or examiner and the Court does not believe that the appointment of either is warranted. The debtor is a single member limited liability company that operates a machine shop. The Debtor's business operations are simply not large enough to warrant the appointment of trustee. Nor have any accusations been made that would warrant considering the appointment of an examiner.

The second exception is a three-pronged test. *See* 11 U.S.C. § 1112(b)(2). First, the court must find unusual circumstances establishing that conversion or dismissal is not in the best interest of the creditors and the estate. Second, the court must find that there is a reasonable likelihood that a plan will be confirmed within the time frame established in section 1121(e), or if such section does not apply, within a reasonable time. Finally, the court must also find that there is a reasonable justification for the act or omission that constitutes cause that will be cured within a reasonable period of time fixed by the court. The requirements are presented in the

conjunctive. All three must be present if the Debtor is to avoid mandatory dismissal for cause.

First, there are no unusual circumstances in this case establishing that dismissal is not in the best interest of the creditors or the estate. There are eleven unsecured creditors with claims totaling approximately $71,447.86. BMG's claim is scheduled in the amount of $49,278.19. BMG filed a proof of claim in the amount of $45,818.86. BMG holds more than 68% of the unsecured claims against the Debtor. The Debtor has not filed an objection to BMG's claim. Instead, the Debtor has simply ignored BMG's claim it its plan on the grounds that "the conduct of this creditor caused the Debtor to file in this matter." In essence, the Debtor is attempting to render its own judgment reversing the BMG Judgment, or in the alternative, render its own order disallowing BMG's claim. This case is more than one year old. The Debtor has filed a plan that provides for less that 32% of the unsecured claims by amount. It cannot be said that the continued prosecution of this case is in the best interest of the creditors in this case.

Second, there is no likelihood that a plan will be confirmed within the time frame established in section 1121(e). The plan was not even filed before the deadline. Further, the plan that was filed is patently non-confirmable. First, it violates the absolute priority rule by allowing the equity holder to retain his interest in the Debtor while proposing to ignore 68% of the allowed claims by amount. *See* 11 U.S.C. § 1129(a)(8)&(b)(2)(B). Second, it violates the requirement that an impaired class must vote for the plan if there is an impaired class because BMG dominates the only impaired class under the plan and BMG has stated that it would not vote to confirm the plan. *See* 11 U.S.C. § 11299a)(10).

The only way that the Debtor could obtain confirmation of its plan is if it filed an objection to BMG's claim that was sustained by the court. But, if it is going to defer its

objection to that claim until after confirmation, then it must provide for the claim in order to get its plan confirmed. It is not reasonable to conclude that the plan can be confirmed as filed.

Finally, the Debtor has not provided a reasonable justification for failing to file the proposed plan and disclosure statement before the 300-day deadline. The principle of the Debtor proffered that he was diagnosed with a heart condition during the latter part of the summer. If the health concerns were a hindrance to the filing of a plan and disclosure statement, then the Debtor could have simply filed a motion to extend the 300-day deadline. The deadline was not until mid-October. There was an abundance of time to file a motion to extend time. Even so, the Debtor failed to do so. Further, the Debtor had no problem filing a plan and disclosure statement when it was faced with a motion to dismiss. The Debtor's failure to timely file a Chapter 11 plan was not justified.

The Debtor cites *Keeley and Grabanski Land Partnership v. John Keeley, et al. (In re Keeley and Grabanski Land Partnership)*, 455, B.R. 153 (8th Cir. B.A.P. 2011) for three propositions. First, it asserts that a court must not convert or dismiss a case if the debtor or other objective party establishes there is a reasonable likelihood that a plan will be confirmed within a reasonable time. This Court has found that the plan as filed is not confirmable. Second, the Debtor states that "cause for dismissal or conversion is something other than a continuing loss or diminution of the estate". This dismissal is not based on continuing loss or diminution of the estate. Third, the Debtor states that "there's a reasonable justification or excuse for debtor's act or
omission and the act or omission will be cured within a reasonable time." As noted, there is no justification for failing to timely file a plan and disclosure statement or filing a motion to extend

the time to do so.

## *Conclusion*

This relatively simple case has continued for more than a year. The plan, which is not confirmable, was filed after the 300-day deadline. The case shall be dismissed.

## **ORDER**

For the reasons stated above, this Chapter 11 case shall be, and hereby is, dismissed.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Larry L. Miller, Esq., Neil E. McCullagh, Esq., and the United States Trustee.

Entered on this  27th  day of February, 2012.

_____
William E. Anderson
United States Bankruptcy Judge